USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
    ANGEL HERNANDEZ and ANA GARCIA,

                                        Plaintiff,

                -v-                                  1:18-cv-6418-GHW

    CITY OF NEW YORK, MANUEL SILES, P.O.
    Shield # 844, OMAR HABIB, P.O. Shield # 844,         ORDER
    and DIEGO BEEKMAN MUTUAL HOUSING

                                      Defendants.
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

       To allow Plaintiff to effect service on Defendants Siles, Habib, and Diego Beekman Mutual Housing through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form (USM-285 form) for these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package, by first-class and certified mail. The Clerk of Court is further directed to complete the USM-285 forms with the addresses for Defendants Siles, Habib, and Diego Beekman Mutual Housing and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 4, 2019
New York, New York

GREGORY H. WOODS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

PO Manuel Siles, Tax No. 963758
NYPD 40th Precinct
257 Alexander Ave,
Bronx, NY 10454

PO Omar Habib, Tax No. 942889
NYPD 47th Precinct
4111 Laconia Ave,
Bronx, NY 10466

Diego Beekman Mutual Housing
694 E. 141st St. #1
Bronx, NY 10454