

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2020

# MEMORANDUM ENDORSED

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**STEPHANIE DE ANGELIS**
*Assistant Corporation Counsel*
Phone: (212) 356-3513
Fax: (212) 356-3509
sdeangel@law.nyc.gov

August 21, 2020

**BY ECF**
Honorable Gregory H. Woods
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Hernandez, et al v. City of New York et al.</u>,
          18-CV-6418 (GHW)

Your Honor:

    I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the Counsel of the City of New York, and attorney for defendants City of New York, Police Officer Manuel Siles, and Police Officer Omar Habib (hereinafter "defendants") in the above-referenced matter. Defendants write to respectfully request a further sixty (60) day stay of this litigation, including all scheduled deadlines and discovery, in light of the current pandemic. *Pro se* plaintiffs Angel Hernandez and Ana Garcia, plaintiffs' attorney James Meehan, Esq., who is representing plaintiffs for the limited purpose of taking and defending depositions, and co-defendant Diego Beekman Mutual Housing consent to this request. This is defendants' second request for such a stay.

    By way of background, on April 1, 2020 the Court granted defendants' motion to stay and extended the deadline for the completion of fact discovery until September 7, 2020. (<u>See</u> Civil Docket Entry No. 49). However, since April 1, 2020, in light of the continuing COVID-19 public health crisis, the New York City Law Department continues to require that its non-essential employees work from home. Consequently, the challenges previously discussed in defendants' April 1, 2020 Letter Motion to Stay still exist. (<u>See</u> Civil Docket Entry No. 48). For example, the accessibility problems in regards to documents and files that working from home creates continue to remain an issue. Specifically, while some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents the parties from having all the information

necessary to, *inter alia*, fully assess cases and otherwise conduct regular business.  Further, the agencies that the parties must communicate with in this case, *e.g.*, the courts, district attorney's office, the police department, and health care providers, are facing the same or even more severe communications and access challenges as they pursue compliance with Governor Cuomo's and Mayor Bill de Blasio's Executive Orders and seek to protect the health and safety of the employees in their organizations by directing non-essential employees to work remotely.  These challenges have adversely impacted the agencies' ability to satisfy requests for documents and information, thus, making document and information requests next to impossible to fulfill.  Such delays and problems are expected to continue until individuals are allowed to return to their offices.  For example, the undersigned has been unable to obtain the video footage which captures this incident from co-defendant Diego Beekman Mutual Housing due to format, size and compatibility issues.  Because the video footage captures the incident, all of the parties will need to view it in order to fully assess this case and conduct meaningful depositions.

        Moreover, the complications in regards to actually coordinating and taking depositions still exist because the undersigned is still working from home.  First, the logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities.  Second, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege.  Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom."  *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing  LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").  The undersigned also notes that taking plaintiff Garcia's deposition remains particularly difficult as it will require a translator as well as a video conference.  Consequently, plaintiffs' attorney James Meehan, Esq., who only recently came on the case (see Civil Docket Entry No. 50), and is representing plaintiffs for the limited purpose of taking and defending depositions, consents to this request.

Therefore, defendants respectfully request a further 60-day stay of the case. Defendants thank the Court for its time, and appreciate Your Honor's understanding and consideration in these trying times.

Respectfully submitted,

*Stephanie De Angelis* /s
Stephanie De Angelis
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY ECF
Alice Spitz
*Attorney for Defendant Diego Beekman Mutual Housing*

BY ECF
James Meehan
*Attorney for Plaintiffs Angel Hernandez and Ana Garcia*

BY E-MAIL
Angel Hernandez and Ana Garcia
*Plaintiffs Pro Se*
ahernandezsantos2121@gmail.com

---

Application granted. All deadlines in this latter are stayed for an additional sixty days  The deadline for the completion of fact discovery is extended to November 7, 2020. The deadline for the completion of all expert discovery is extended to December 22, 2020. Every party-opponent of such claim(including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by November 7, 2020. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by November 21, 2020. The deadline for submission of motions for summary judgment, if any, is extended to January 23, 2021. The status conference scheduled for December 8, 2020 is adjourned to January 6, 2021 at 4:30 p.m. The joint status letter requested in the case management plan and scheduling order, Dkt. No. 41, is due no later than December 30, 2020.  Except as otherwise provided in this order, the case management and scheduling order entered by the Court remains in full force and effect.

SO ORDERED.

Dated: August 22, 2020
New York, New York

GREGORY H. WOODS
United States District Judge